**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:10CR00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JIMMY SCOTT ELKINS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, and Thomas M. Gray, III, Graduate Fellow, Office of the Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this criminal case, the parties have filed cross motions in limine concerning an evidentiary issue, which I resolve in this Opinion.

The defendant, Jimmy Scott Elkins, is charged in a one-count Indictment with possessing firearms while subject to a domestic protective order, in violation of 18 U.S.C.A. § 922(g)(8) (West 2000). As part of its case, the government will be required to prove beyond a reasonable doubt that Elkins knew of the existence of the domestic protective order. It will not have to prove that he knew that he was prohibited from possessing a firearm, since ignorance of the law is not a defense in this case. *See Bryan v. United States*, 524 U.S. 184, 193 (1998).

The domestic protective order at issue was set forth on a double-sided printed form, filled in and signed by the judge of a state Juvenile and Domestic Relations Court. On the reverse of the page, there is a return by Deputy Sheriff Edward Gardner, showing service of the order on the respondent Elkins. On a printed portion of the reverse, below the words, "WARNINGS TO RESPONDENT," it is recited, among other things, that "[f]ederal law provides penalties for possessing, transporting, shipping, receiving or purchasing any firearms or ammunition while subject to a qualifying protective order and under the circumstances specified in 18 U.S.C. § 922(g)(8)." (Def.'s Ex. 2, Feb. 7. 2011.)

The government has moved in limine to preclude the introduction of evidence or argument that the defendant did not know that the law prohibited him from processing a firearm while subject to a domestic protective order. Normally there would be no question that the motion ought to be granted, since whether or not the defendant was ignorant of the law is not a relevant issue in the case. However, the defendant objects on the ground that if the court permits the government to introduce the reverse of the protective order, the defendant ought to be able to show that he did not know of the prohibition.[1] In addition, the

---

[1] Deputy Sheriff Gardner has testified that he does not know whether or not he provided the defendant with the reverse of the protective order, since sometimes after entry and before service, the protective order is copied on to one-sided paper, thus resulting in two

defendant moves to preclude the government from introducing the reverse of the protective order.

I will grant the government's motion and deny the defendant's motion.

The defendant has not offered to stipulate that he was duly served with the protective order, and the reverse of the order containing the deputy sheriff's return is plainly relevant to that necessary proof by the government. *See Old Chief v. United States*, 519 U.S. 172, 186 (1997) (holding that where the defendant had offered to stipulate to his felony status, the district court erred in allowing the government to introduce the name and nature of his prior felony conviction in a felon-in-possession trial).

In any event, there is nothing unduly prejudicial about the introduction of the warning contained within the return of service document. The jury can be instructed that ignorance of the law is not a defense and whether the defendant was or was not warned of the existence of the federal law is irrelevant.

For the foregoing reasons, it is hereby **ORDERED** that the government's Motion in Limine to Preclude the Introduction of Evidence or Argument by the Defendant (ECF No. 27) is GRANTED and the defendant's Second Motion in Limine to Preclude the Introduction of Evidence (ECF No. 41) is DENIED.

---

pages, representing the front and back of the order. It is thus possible that the copy representing the reverse of the order was not given to Elkins.

ENTER: May 2, 2011

/s/ James P. Jones
United States District Judge